# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**RONALD GENE PURCELL**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **1:10CR00337-001 LJO**<br><br>Eric Kersten *(Assistant Federal Defender)*<br>Defendant's Attorney |

**THE DEFENDANT:**

[✔]  admitted guilt to violation of charges Two and Five as alleged in the violation petition filed on 09/22/2015.

[ ]  was found in violation of condition(s) of supervision as to charge(s) __ after denial of guilt, as alleged in the violation petition filed on __.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violation(s):

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| Charge Two | UNLAWFUL USE OF A CONTROLLED SUBSTANCE | June 16, 2015 |
| Charge Five | FAILURE TO SUBMIT MONTHLY REPORT FORMS AS DIRECTED | September 2015 |

The court: [✔] revokes: [ ] modifies: [ ] continues under same conditions of supervision heretofore ordered on  12/06/2010 .

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]   Charges One, Three, Four are dismissed.

[✔]   Appeal rights given          [ ]   Appeal rights waived

[✔]   **Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

   IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

|  |
|---|
| October 19, 2015 |
| Date of Imposition of Sentence |
| /s/ Lawrence J. O'Neill |
| Signature of Judicial Officer |
| **LAWRENCE J. O'NEILL**, United States District Judge |
| Name & Title of Judicial Officer |
| October 21, 2015 |
| Date |

CASE NUMBER:     1:10CR00337-001 LJO                                      Judgment - Page 2 of 4
DEFENDANT:       RONALD GENE PURCELL

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  (TIME SERVED).

[ ]     No TSR: Defendant shall cooperate in the collection of DNA.

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
        [ ] at ___ on ___.
        [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
        [ ] before _ on ___.
        [ ] as notified by the United States Marshal.
        [ ] as notified by the Probation or Pretrial Services Officer.
        If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.

                                                                  _____
                                                                       UNITED STATES MARSHAL

                                                                  By _____
                                                                          Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 1:10CR00337-001 LJO | Judgment - Page 3 of 4 |
| DEFENDANT: | RONALD GENE PURCELL | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 18 months .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

**1.** The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

**2.** The defendant shall provide the probation officer with access to any requested financial information.

**3.** As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

**4.** As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

**5.** The defendant shall abstain from the use of alcoholic beverages and shall not frequent those places where
alcohol is the chief item of sale.

**6.** As directed by the probation officer, the defendant shall participate in a program of outpatient mental health treatment.

**7.** As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

**8.** The defendant shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or ©) equipment that has an internal or external modem which is in the possession or control of the defendant. The defendant consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The defendant consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection; and analysis.

The defendant consents to having installed on any computer, computer-related device, and equipment, at the defendant's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software and not install or use any software programs designed to hide, alter, or delete his/her computer activities. The defendant consents to not installing new hardware without the prior approval of the probation officer.